IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSEFINA RODRIGUEZ,                              )
                                                 )
    Plaintiffs,                                 )
                                                 )
    v.                                          )
                                                 )
CITY OF CHICAGO, a municipal corporation;        )
PHIL CLINE, Superintendent of the Chicago        )
Police Department; and Chicago Police Detectives )
KEVIN BOR, ADRIAN GARCIA, and                    )
PATRICK O'DONOVAN,                               )
                                                 )
    Defendants.                                 )

**06CV2151**
**JUDGE LEFKOW**
**MAGISTRATE KEYS**

**FILED**

APR 1 8 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## COMPLAINT

Plaintiff JOSEFINA RODRIGUEZ, by her undersigned attorneys, for her complaint against defendants CITY OF CHICAGO, PHIL CLINE, and Chicago Police Detectives BOR, GARCIA, and O'DONOVAN, alleges as follows:

### INTRODUCTION

1.    This is a civil rights action pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution seeking damages for injuries to the plaintiff caused by the policy and practice of the City of Chicago's Police Department (sometimes hereinafter referred to as the "Police") and its Superintendent, Phil Cline, of detaining witnesses in a criminal investigation and then holding them for many hours against their will in Chicago police station interrogation rooms, even though the Police have no probable cause to suspect these persons of any criminal wrongdoing. The Police policy flagrantly disregards the Fourth Amendment rights of these citizens to be free of unreasonable search and

seizure. Plaintiff also seeks compensatory and punitive damages from Defendants Bor, Cline, Garcia, and O'Donovan for their participation in the plaintiff's unlawful detention.

## JURISDICTION AND VENUE

2. This is a civil action arising under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because all defendants reside in this District.

## PARTIES

3. Plaintiff Josefina Rodriguez is an Illinois citizen and resident of Cook County, and mother of a young child, who was detained for questioning as a witness at a Chicago Police station, even though the Police had no probable cause to hold her.

4. Defendant City of Chicago (the "City") is an Illinois municipal corporation located within the Northern District of Illinois. The City operates the Chicago Police Department.

5. Defendant Phil Cline is the Superintendent of the Chicago Police Department. Defendant Cline is sued in his individual capacity for actions that he took by virtue of his authority as Superintendent of Police.

6. Defendant Kevin Bor is a detective with the Chicago Police Department. Detective Bor is sued in his individual capacity for actions that he took by virtue of his authority as a police officer of the City of Chicago.

7. Defendant Adrian Garcia is a detective with the Chicago Police Department. Detective Adrian Garcia is sued in his individual capacity for actions that he took by virtue of his authority as a police officer of the City of Chicago.

8. Defendant Patrick O'Donovan is a detective with the Chicago Police Department. Detective O'Donovan is sued in his individual capacity for actions that he took by virtue of his authority as a police officer of the City of Chicago.

9. Defendants Cline, Bor, Garcia, and O'Donovan were, at all times material to this Complaint, acting under color of state law and within the scope of their authority as police officers of the City of Chicago.

## ALLEGATIONS OF FACT

### The Illegal Detention of Josefina Rodriguez

10. Josefina Rodriguez was detained by the Chicago Police for questioning as a witness in a homicide investigation.

11. Pursuant to standard Chicago Police policy and practice, Ms. Rodriguez was detained in a series of locked, windowless interrogation rooms and held incommunicado as a witness in a murder investigation from the evening of Saturday, April 2, 2005, through the morning of Tuesday, April 5, 2005, for a total of approximately 60 hours.

12. On Saturday, April 2, 2005, at approximately 10:00 p.m., members of the Chicago Police Department seized Ms. Rodriguez and placed her in handcuffs, in the vicinity of 24th Street and Christiana in Chicago. Chicago Police Detectives took Ms. Rodriguez to a locked interrogation room at Area Four Police Headquarters, and handcuffed her to the wall. Ms. Rodriguez was not released from her handcuffs until the morning of Sunday, April 3rd.

13. Defendants Bor, Adrian Garcia and O'Donovan interrogated Ms. Rodriguez about a murder during the two full days and three full nights that she spent in Area 4.

14. The Police did not have probable cause or any other legal justification to detain Ms. Rodriguez against her will.

3

15. While interrogating Ms. Rodriguez, Defendants Bor, Adrian Garcia and O'Donovan threatened to arrest Ms. Rodriguez, and send her to jail. Defendants Bor, Adrian Garcia, and O'Donovan ignored Ms. Rodriguez's requests for food, and her repeated requests to leave.

16. At approximately 9:00 a.m. on Tuesday, April 5, 2005, Ms. Rodriguez was taken from Area 4, and escorted by Chicago Police Detectives to the court building at 26th and California Streets in Chicago, in order to testify before a grand jury. Ms. Rodriguez was escorted into the court building by Chicago Police Detectives, and was not permitted to leave until she had finished her testimony. Ms. Rodriguez did not arrive at her home until approximately 4 p.m. on Tuesday, April 5, 2005.

### The City of Chicago's Policy, Practice and Custom

17. The City maintains a policy, practice and custom of detaining persons whom the Police believe are witnesses to certain crimes for extended periods of time against their will and confining them in locked interrogation rooms at police stationhouses.

18. At a hearing conducted before a federal District Judge in *First Defense Legal Aid v. City of Chicago*, No. 01 C 9671, the federal court found, based primarily on admissions by defendant Cline and another high ranking member of the Police, that the City's policy includes the following:

> a. Witnesses are taken to police stations for questioning and are thoroughly searched and are then "secured" by being locked in small, windowless interrogation rooms, which lack toilet facilities or running water and are typically furnished only with a metal bench bolted to the wall.

4

b. Witnesses typically remain in such rooms for many hours and in some cases for days.

c. Counsel for such witnesses who appear at the police station asking to speak with them are refused access to their clients.

d. Witnesses are confined in these conditions in order to "overcome their reluctance" to cooperate with the police.

e. Witnesses confined in these conditions are not free to leave the police stationhouses and are, in fact, confined there against their will.

19. The policy, practice and custom of the City described in the preceding paragraph is widespread, permanent and well-settled. This policy, practice and custom was vigorously defended by City attorneys in *First Defense Legal Aid v. City of Chicago*.

20. The policy, practice and custom of the City complained of herein caused the unlawful seizure and detention of Ms. Rodriguez.

21. The City and the Defendant Cline acted with deliberate indifference to the rights of the plaintiff in maintaining and implementing the policy, practice and custom complained of herein.

### Supervisory Liability of Defendant Cline

22. Defendant Cline caused and participated in the deprivations of the constitutional rights of Ms. Rodriguez, as alleged above. Defendant Cline knew that there was a widespread and settled practice on the part of Chicago Police Detectives of detaining Chicago citizens who are witnesses in a criminal investigation and then holding them for many hours against their will in Chicago police station interrogation rooms, even though the Police have no probable cause to suspect these persons of any criminal wrongdoing.

5

23. Cline approved and facilitated this systemic denial of the constitutional rights of witnesses, including Ms. Rodriguez, by, among other things, (a) failing to discipline detectives who engage in this practice; (b) providing no training regarding the illegality of this practice; and (c) turning a blind eye to repeated and systemic abuses of the rights of witnesses by locking them for extended periods of time in interrogation rooms without probable cause.

24. Cline has explicitly condoned and defended this practice. Cline's defense of the practice has included testifying in support of the practice in the federal District Court in the *First Defense Legal Aid* case referred to above.

25. Defendant Cline has acted intentionally, willfully, maliciously, and with a conscious disregard or reckless indifference to the rights of plaintiff and the class.

## COUNT 1

26. Plaintiff repeats and realleges all prior paragraphs as if fully set forth herein.

27. The defendants, Bor, Garcia, O'Donovan, Cline, and City of Chicago, violated Josefina Rodriguez's right to be free of unreasonable seizures and detentions as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and her right to Due Process as guaranteed by the Fourteenth Amendment to the Constitution of the United States.

28. As a direct and proximate result of the defendants' unlawful conduct as alleged herein, Ms. Rodriguez suffered fear, humiliation, physical deprivation and other pain and suffering.

29. Defendants' actions were intentional, willful, and exhibited a conscious disregard or reckless indifference to Ms. Rodriguez's rights.

## PRAYER FOR RELIEF

Plaintiff Josefina Rodriguez prays for the following relief:

- Judgment against each defendant, jointly and severally, for actual compensatory damages in an amount to be determined at trial.

- Punitive damages against defendants Cline, Bor, Garcia, and O'Donovan, in an amount sufficient to deter them from continuing to violate the rights of plaintiffs and others.

- An award of costs and attorneys fees.

- Such further and additional relief as this court may deem just and proper.

Respectfully submitted,

By: _____
One of Plaintiffs' Attorneys

Craig B. Futterman*
H. Melissa Mather
Mandel Legal Aid Clinic
University of Chicago Law School
6020 South University
Chicago, IL 60637
773-702-9611

Locke E. Bowman
MacArthur Justice Center
University of Chicago Law School
1111 East 60th Street
Chicago, IL 60637
773-753-4405

Marinn Mansell, a University of Chicago Law student, assisted in the preparation of this document.